IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

POINDEXTER OAIKHINNA EBALU,          No. 3:21-cv-01536-HZ

        Plaintiff,          OPINION & ORDER

    v.

PORTLAND POLICE BUREAU,

        Defendant.

Trung D. Tu
Portland City Attorney's Office
1221 SW 4th Ave., Ste. 430
Portland, OR 90204

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

## INTRODUCTION

Pro se Plaintiff Poindexter Ebalu alleges that the Portland Police Bureau ("PPB") disqualified him from employment in 2019 because of his race. The Court dismisses Plaintiff's complaint for failure to exhaust and for failure to state a claim.

1 – OPINION & ORDER

**BACKGROUND**

Plaintiff Ebalu alleges that in September of 2019, he began the hiring process to join the PPB. ECF No. 1 (Compl.). He subsequently passed a physical assessment test and written psychological exams. Compl. 4. Then, in December of 2019, he received a letter stating that PPB had "found something about [him] that they cannot reveal" and "disqualified him from the hiring process" without providing additional information. Compl. 4. Plaintiff alleges that this rejection "caused [him] so much emotional distress that [he] had to contact a private investigator to see if [he] had anything wrong in [his] background." Compl. 5. The private investigator allegedly did not find anything negative in his search; the investigator told Plaintiff that "PPB had discriminated against [Ebalu] because they did not give [him] a reason for the disqualification." Compl. 5. The investigator also allegedly told Ebalu to take the matter to federal court. Plaintiff alleges that this chain of events shows that PPB discriminated against him based on his race and ethnicity. Compl. 6.

Plaintiff filed his Complaint in October 2021; liberally construed it alleges one claim under Title VII of the Civil Rights Act of 1964 for discrimination in hiring practices. Compl. 3. Defendant was not served until early February 2022. Defendant then filed a motion to dismiss for lack of jurisdiction, arguing that the Court lacks personal jurisdiction over PPB because it is not the proper party, that the liability waiver Plaintiff signed when he began the application process deprives the Court of subject matter jurisdiction, that the Court lacks subject matter jurisdiction because Plaintiff failed to file his claim with the EEOC, and that Plaintiff failed to state a claim because he failed to allege facts showing that the disqualification—or any other discrimination—was based on race. Def.'s Mot. to Dismiss, ECF 14. The Court addresses only the failure to file a claim with the EEOC and the failure to state a claim issues because they are dispositive.

**STANDARDS**

A motion to dismiss on jurisdictional grounds can be "either facial or factual." *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir.2000). Under either form of attack, courts presume that a case "lies outside [its] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Assoc. of Am. Med. Colleges v. United States,* 217 F.3d 770, 778–779 (9th Cir.2000) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air v. Meyer,* 373 F.3d 1035, 1039 (9th Cir.2004). In a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment ... It also need not presume the truthfulness of the plaintiffs' allegations." *White,* 227 F.3d at 1242.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

Courts must liberally construe pro se pleadings. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Additionally, a court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

To bring a lawsuit under Title VII, a plaintiff must first exhaust available administrative remedies by filing a timely complaint with the EEOC or an authorized state agency. 42 U.S.C. § 2000e-5(f)(1); *Lowe v. City of Monrovia*, 775 F.2d 998, 1003 (9th Cir. 1985), *amended,* 784 F.2d 1407 (9th Cir. 1986) ("When a plaintiff fails to raise a Title VII claim before the EEOC, the district court lacks subject matter jurisdiction to hear it."); *see also Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) ("[T]o bring a Title VII claim in district court, a plaintiff must first exhaust [his] administrative remedies."). This requirement exists even for failure to hire claims, like Plaintiff's. *See Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008).

Ebalu has not alleged that he filed a charge with the EEOC or any appropriate authorized state agency. *See* Compl. 2–5. Indeed, in his response to Defendant's motion, he does not contest this fact but instead focuses on his belief that the PPB must reveal to him its reasons for not hiring him. Pl. Resp. 1–2. This failure prevents the Court from considering his Title VII claim. Because Ebalu did not exhaust his administrative remedies under Title VII, and this failure is clear from the face of the complaint, his Title VII claim must be dismissed.

Alternatively, Ebalu's Title VII claim must be dismissed for failure to state a claim. Even if Ebalu had exhausted his administrative remedies and timely filed a complaint with the EEOC, he would still need to plausibly allege that his race or ethnicity was a motivating factor in the PPB's decision to disqualify him as a candidate. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003), *as amended* (Jan. 2, 2004) ("For a prima facie case, [Plaintiff] must offer evidence that "give[s] rise to an inference of unlawful discrimination," either through the framework set forth in *McDonnell Douglas Corp. v. Green* or with direct or circumstantial evidence of discriminatory intent."). Instead, he expressly alleges that he does not know why PPB disqualified him, that PPB did not provide a reason for disqualifying him beyond "finding something that they cannot reveal," and indeed he insists that this lawsuit must continue until PPB reveals its reasons for disqualification. In so doing, Ebalu presents no allegations giving rise to an inference of unlawful discrimination and makes no allegations evidencing direct or circumstantial evidence of discriminatory intent. Although Plaintiff points to the lack of a "valid reason" for his disqualification, this is not enough. Failure to provide a specific reason for disqualification, without more, is not evidence of discriminatory intent. Significantly, Plaintiff does not allege that PPB discussed or focused on his race or ethnicity at any time or in any capacity: his sole allegation related to discrimination in the Complaint is his statement that "I

was discriminated against by the Portland Police Bureau to my race and ethnicity." Compl. 5. Again, this is not enough. Plaintiff failed to state a claim for unlawful discrimination.

Finally, although leave to amend is freely given, the Court is convinced that any amendment here would be futile. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) ("A court should "freely give leave [to amend] when justice so requires . . . . [i]t is properly denied, however, if amendment would be futile." (internal citations and quotation marks omitted)). First, it appears extremely unlikely Plaintiff could cure the EEOC issue because he did not allege or argue that he in fact attempted to file a complaint with the EEOC at any time. Second, even if he could cure that deficiency, Plaintiff alleged that he does not know why Defendants failed to hire him and he concedes—in fact he focuses on—the fact that Defendant did not provide him *any* explaination for disqualifying him. Given this acknowledged lack of discriminatory conduct, the Court cannot see how Plaintiff could amend his complaint to allege discriminatory intent. Accordingly, Plaintiff's complaint is dismissed with prejudice and without leave to amend.

## CONCLUSION

Defendant's Motion to Dismiss, ECF 14, is GRANTED and this case shall be DISMISSED without leave to amend. All other pending motions are denied as moot.

IT IS SO ORDERED.

DATED:＿＿September 29, 2022＿＿.

                                            MARCO A. HERNÁNDEZ
                                          United States District Judge

6 – OPINION & ORDER